IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY X. SMITH,

    Plaintiff,

v.

PUBLIC DEFENDER'S OFFICE, et al.,

    Defendants.

No. C 11-5796 CW (PR)

ORDER OF DISMISSAL

Plaintiff, a prisoner of the State of California, has filed this pro se civil rights action under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. Plaintiff alleges that the attorneys who represented him in his criminal proceedings in 1986 did not provide him with the effective assistance of counsel. He seeks monetary damages.

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under the color of State law. West v. Atkins, 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff seeks monetary damages for alleged inadequate representation by his criminal defense attorneys. Plaintiff's allegations do not state a claim upon which relief may be granted because he cannot pursue any claim for damages or injunctive relief under 42 U.S.C. § 1983 that, if successful, necessarily would call into question the validity of his conviction or confinement. Heck v. Humphrey, 512 U.S. 477 (1994), holds that in order to state a claim for relief for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of § 1983 must prove that the conviction or sentence has been reversed or declared invalid. Id. at 486-87. If success in the § 1983 lawsuit would necessarily demonstrate the invalidity of the confinement or its duration, the § 1983 lawsuit is barred, irrespective of whether the plaintiff seeks monetary damages or equitable relief. Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).

Here, Plaintiff's complaint seeks damages from the attorneys who allegedly failed to provide him with adequate representation in his criminal proceedings. Such claims, if successful, necessarily would call into question the validity of Plaintiff's conviction.

2

Accordingly, the complaint is DISMISSED without leave to amend. See <u>Heck</u>, 512 U.S. at 487.[1]

CONCLUSION

For the foregoing reasons, the complaint is DISMISSED without leave to amend and without prejudice for failure to state a claim upon which relief may be granted.

The Clerk of the Court shall close the file and enter judgment.

IT IS SO ORDERED.

Dated: 4/11/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

---

[1] After he filed the present complaint, Plaintiff filed a sixteen-page document titled "Notice and Memorandum." Docket no. 7. The contents of the document are difficult to decipher and Plaintiff's intent in filing it is not clear. To the extent he intended the document to supplement his ineffective assistance of counsel claim, it fails to revive that barred claim. To the extent he intended to raise claims concerning other matters, he must file a new and separate complaint raising those claims.